UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BOEHM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Plaintiff demands a jury trial.** |
| ) | |
| THE CITY OF GALENA, a Municipal ) | |
| Corporation; and Lieutenant BILL SALZMANN, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, WILLIAM BOEHM, by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, CITY OF GALENA, a municipal corporation, and Lieutenant Bill Salzmann, pleading hypothetically and in the alternative, states as follows:

## THE PARTIES

1. At all times relevant, Plaintiff WILLIAM BOEHM was a citizen of the United States and a resident of the City of Galena, Jo Daviess County, Illinois.

2. Defendant, CITY OF GALENA, is a municipal corporation organized under the laws of the State of Illinois.

3. On and before October 5, 2013, and at all relevant times, the Defendant, CITY OF GALENA, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Galena Police Department.

4. On and before October 5, 2013, and at all relevant times, Defendant BILL SALZMANN (hereinafter "SALZMANN") was a Galena Police Lieutenant employed by the Defendant CITY OF GALENA Police Department.

5. On and before October 5, 2013, and at all relevant times, when SALZMANN was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Galena Police Lieutenant.

## JURISDICTION AND VENUE

6. This is an action brought pursuant to pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois against Defendants, CITY OF GALENA, a municipal corporation, and Lieutenant Bill Salzmann, after Plaintiff, WILLIAM BOEHM, was unreasonably detained and battered on October 5, 2013, and subsequently maliciously prosecuted in the City of Galena, County of Jo Daviess, State of Illinois.

7. This Court has original jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1343(a)(3) and 1331.

8. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 because said claim is so related to Plaintiff's § 1983 claim, which is within this Court's original jurisdiction, since is arises out of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## FACTS APPLICABLE TO ALL COUNTS

1. On October 5, 2013, prior to 7:55 P.M., Plaintiff WILLIAM BOEHM was working at Galena Oktoberfest, a fundraiser event.

2. On October 5, 2013, at or around 7:55 P.M., Plaintiff WILLIAM BOEHM returned equipment from the fundraiser event to the Galena Elks Club, located at 123 North Main Street, Galena, Illinois.

3. On October 5, 2013, at or around 7:55 P.M., Plaintiff's wife, Dena Boehm, was placed under arrest for driving under the influence just outside of the Elks Club, in the 200 block of North Main Street, Galena, Illinois.

4. At the aforesaid time and place, Plaintiff WILLIAM BOEHM was notified that his wife, Dena Boehm, was involved in an incident with the Galena Police Department just outside the Elks Club in the 200 block of North Main Street.

5. On October 5, 2013, in or around 7:55 P.M., Plaintiff WILLIAM BOEHM walked outside the Elks Club to inquire about the incident regarding his wife.

6. At the aforesaid time and place, Plaintiff WILLIAM BOEHM learned that his wife was being arrested for driving under the influence and that the officers, including Defendant SALZMANN, were going to tow her vehicle.

7. Plaintiff WILLIAM BOEHM then told the officers that the car need not be towed.

8. In response, the officers, including Defendant SALZMANN, stated that Plaintiff WILLIAM BOEHM was interfering and to leave the scene.

9. Plaintiff WILLIAM BOEHM then began taking pictures of the scene, including pictures of the vehicles involved in the alleged accident.

10. Plaintiff WILLIAM BOEHM was within his rights to photograph the scene, which was located on a public way in full view of the public.

11. Defendant SALZMANN became angry and agitated after Plaintiff WILLIAM BOEHM took a picture of Defendant SALZMANN.

12. At the aforesaid time and place, Defendant SALZMANN approached Plaintiff, and began to aggressively and dangerously grab, push, and batter Plaintiff, WILLIAM BOEHM.

13. As Defendant SALZMANN grabbed, pushed, and battered Plaintiff WILLIAM BOEHM, Plaintiff WILLIAM BOEHM was not posing a threat of harm to Defendant SALZMANN or to any other person.

14. Without provocation, and while Plaintiff WILLIAM BOEHM was not posing a threat of harm to Defendant SALZMANN or any other person, Defendant SALZMANN unnecessarily threw Plaintiff WILLIAM BOEHM against a building wall, and continued to aggressively grab, push and pull Plaintiff WILLIAM BOEHM as he handcuffed him.

15. Without provocation, and while Plaintiff WILLIAM BOEHM was not posing a threat of harm to Defendant SALZMANN or any other person, Defendant SALZMANN unnecessarily threw Plaintiff WILLIAM BOEHM to the ground, and continued to aggressively grab, push, and pull on the person of Plaintiff WILLIAM BOEHM.

16. Plaintiff WILLIAM BOEHM repeatedly informed Defendant SALZMANN that he had shoulder problems and that he could not move his shoulder normally without pain. Defendant SALZMANN ignored Plaintiff WILLIAM BOEHM's complaints.

17. After Plaintiff WILLIAM BOEHM was handcuffed and thrown to the ground, and while Plaintiff BOEHM was lying on his stomach, Defendant SALZMANN repeatedly attempted to lift WILLIAM BOEHM by the handcuffs despite screams of pain from Plaintiff WILLIAM BOEHM and despite Defendant SALZMANN's notice of Plaintiff's shoulder problems.

18. After Plaintiff WILLIAM BOEHM screamed of pain and yelled for a help, a friend of Plaintiff's finally assisted Defendant SALZMANN in lifting Plaintiff WILLIAM

4

BOEHM to his feet.

19. Despite having consumed less than two beers the entire evening, Defendant SALZMANN then charged Plaintiff WILLIAM BOEHM with public intoxication and resisting arrest.

20. Plaintiff WILLIAM BOEHM was never breathalyzed nor asked to be breathalyzed by Defendant SALZMANN.

21. WILLIAM BOEHM was forced to appear in court and was made to defend himself against baseless and false accusations that WILLIAM BOEHM was publically intoxicated and was resisting arrest, charges which were brought by and continued based upon the testimony and/or reports drafted by Defendant SALZMANN.

22. The public intoxication and resisting arrest charges were dismissed in court in a manner indicative of WILLIAM BOEHM's innocence on October 27, 2014.

23. On October 27, 2014, Plaintiff WILLIAM BOEHM pled guilty to a significantly lesser offense, Attempt of Obstructing a Peace Officer.

### COUNT I – 42 U.S.C. §1983—Excessive Force
### (William Boehm v. Salzmann)

24. Plaintiff WILLIAM BOEHM hereby adopts and re-alleges paragraphs 1 through 23 as and for paragraphs 1 through 23 of Count I as though fully set forth herein.

25. That at all times relevant hereto, Defendant SALZMANN was an authorized officer, agent, and employee of the CITY OF GALENA Police Department, was acting in the course of his employment and under color of state law.

26. That at all times relevant hereto, it was the duty of Defendant, SALZMANN, individually and as an officer, agent and/or employee of the CITY OF GALENA Police

5

Department, to refrain from using unreasonable excessive force against others, including WILLIAM BOEHM.

27. On October 5, 2013, in breach of said duty, Defendant SALZMANN used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

a) Defendant used a level of force that Defendant knew, or should have known, was excessive;

b) Defendant used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff;

c) Defendant used excessive force in violation of Galena Police Department's policy which expressly prohibits use of excessive force;

d) Defendant dangerously and improperly and lifted Plaintiff from his handcuffs while Plaintiff's hands were behind his back;

e) Defendant dangerously and improperly threw Plaintiff against the wall of a building;

f) Defendant dangerously and improperly threw Plaintiff onto the ground;

g) Defendant failed to use less dangerous means of restraint on Plaintiff before lifting from his handcuffs while Plaintiff's hands were behind his back, as Plaintiff was not engaged in conduct that would justify such force; and/or

h) Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

28. That at all times relevant hereto, it was the duty of Defendant, SALZMANN, individually and as an officer, agent and/or employee of the CITY OF GALENA Police Department, to refrain from using unreasonable excessive force against others, including WILLIAM BOEHM.

29. That at all times relevant, the aforementioned conduct of Defendant, SALZMANN, constituted unreasonable excessive force in violation of the United States Constitution.

30. That at all times relevant, the actions of Defendant SALZMANN were objectively unreasonable and were undertaken intentionally with willful indifference to WILLIAM BOEHM's constitutional rights.

31. That at all times relevant, the actions of Defendant SALZMANN, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendant SALZMANN, used such force.

32. That at all times relevant hereto, the actions of Defendant SALZMANN were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff WILLIAM BOEHM.

33. That as a proximate cause of Defendant's unreasonable and excessive use of force, Plaintiff WILLIAM BOEHM experienced injuries, including conscious pain and suffering, disability, disfigurement, lost wages, and was forced to incur past and future obligations for medical bills.

WHEREFORE, Plaintiff, WILLIAM BOEHM, respectfully requests that this Court enter judgment against Defendant, SALZMANN, awarding compensatory damages, punitive damages, attorneys' fees and costs, and for any further relief this Court deems just.

### COUNT II Illinois State Law Claim – Malicious Prosecution
### (William Boehm v. All Defendants)

34. Plaintiff WILLIAM BOEHM hereby adopts and re-alleges paragraphs 1 through 23 as and for paragraphs 1 through 23 of Count II as though fully set forth herein.

35. At all times relevant hereto, Defendant SALZMANN was acting under the color of state law and pursuant to the policy, custom and/or usage of the Galena Police Department.

36. At all relevant times, Defendant SALZMANN was an agent of Defendant CITY OF GALENA, and acting within the scope of his employment as

a Galena Police Lieutenant. Therefore, Defendant, CITY OF GALENA, is liable as principal for all torts committed by Defendant SALZMANN.

37. With malice, willfulness, and/or reckless indifference to WILLIAM BOEHM's rights, Defendant SALZMANN created false and/or inaccurate police reports, and falsely charged WILLIAM BOEHM with resisting arrest and public intoxication.

38. In addition, Defendant, SALZMANN, gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

39. The legal proceedings against WILLIAM BOEHM for the resisting arrest and public intoxication charges were terminated in Plaintiff's favor, in a manner indicative of innocence.

40. As a direct and proximate foreseeable result of the violations as set forth above, Plaintiff WILLIAM BOEHM suffered injuries, including being forced to defend baseless and false criminal charges.

WHEREFORE, Plaintiff, WILLIAM BOEHM, respectfully requests that this Court enter judgment against Defendants, BILL SALZMANN and the CITY OF GALENA, awarding compensatory damages and for any further relief this Court deems just.

                                          Respectfully Submitted,
                                          ROMANUCCI & BLANDIN, LLC

                                          /s Martin D. Gould
                                          Attorney for Plaintiff

Antonio M. Romanucci (ARDC # 6190290)
Angela P. Kurtz (ARDC # 6313299)
Martin D. Gould (ARDC # 6318050)
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654

(312) 458-1000
(312) 458-1004 *facsimile*